No. 6766.

## COTTRELL ET AL. *v.* COTTRELL.

SPECIFIC PERFORMANCE.—*Contract for Sale of Land.*—*Complaint.*—*Title of Deceased Vendor.*—A complaint against the heirs of a deceased vendor, for a specific performance of his parol contract, need not allege that the ancestor had any title to the property which he agreed to convey.

EVIDENCE.—*Witnesses.*—*Heirs.*—*Statement of Party.*—On trial of an action against heirs, founded on a contract with the ancestor, to obtain title to real property, a party incompetent under section 499, R. S. 1881, to testify, can not call from a witness his own statements of fact made to the witness before and during examination.

SAME.—What may not be given in evidence directly, can not be given indirectly.

SAME.—A party who is an incompetent witness to give in evidence a conversation with a deceased person, can not give it in evidence as rehearsed by him to another.

PRACTICE.—*Separation of Witnesses.*—*Parties.*—*Guardian.*—The guardian of a minor defendant is within the rule that a party, although a witness, may not be excluded from the court room, under an order for the separation of witnesses.

From the Parke Circuit Court.

*R. Dunnigan, W. Mack, J. M. Allen* and *S. C. Davis,* for appellants.

*A. B. Carlton* and *J. E. Lamb,* for appellee.

ELLIOTT, C. J.—The complaint of the appellee is against the children and heirs of Joshua Cottrell, deceased, and seeks to enforce the specific performance of a parol contract made with the deceased in his lifetime.

The complaint is badly drawn, but we think states a cause of action. The principal objection urged against it is that the first paragraph does not allege that the ancestor of appellants had any title to the property which it is alleged he agreed to convey, and is, therefore, bad. There are facts stated which show some title in the decedent. It certainly appears that his title was sufficient to put and keep the appellee in possession of the land for many years. If the appellee is content with such title as a conveyance from the heirs of the deceased vendor will convey, the appellants should not be allowed to prevent him from securing it. The ancestor had bargained away all the title he had, and, whether that was much or little, the appellee's contract vested in him a right to have that for which he had contracted. It can not be of importance to appellants whether that title was perfect or imperfect, for the appellee has a right to it, whatever its character may be. If he is satisfied, they can not complain, for it never descended to them, but had vested in the appellee prior to the death of their ancestor.

The appellee called as a witness one of the defendants, Isaac Cottrell, and, in a long and involved interrogatory, stated a conversation in which the witness was given, by the appellee, a history of his claim, and asked if such a conversation did not take place. In permitting this question to be asked and answered, the court committed an error. The appellee, under the statute in force at the time of the trial, was not a competent witness, for the action was upon a contract made with the deceased ancestor of the heirs against whom the action was instituted. It is settled that in such cases the plaintiff is not competent to testify as to matters which occurred prior to the death of the ancestor. *Wiseman* v. *Wiseman,* 73 Ind. 112. Such a method as that adopted would enable a party to get before a jury his own statement of a transaction with the deceased person. A party prohibited from testifying can not secure the benefit of his version of such a transaction in this manner. To permit such a practice would make it easy to

evade a wise law, and would encourage the manufacturing of testimony. If courts were to tolerate such a practice, it would send to the jury the statement of a party without the restraint imposed by an oath. It would be far more likely to result in evil than to permit the party to speak to the jury from the witness stand. In the one case it would be sworn testimony, in the other not. What may not be done directly, can not be accomplished by indirection. *Clift* v. *Shockley*, 77 Ind. 297. Suppose, for the sake of illustration, that John Doe has a claim against the estate of Richard Roe, deceased, and that he goes to the administrator, or to any other person, and, in detail, states the nature of his contract. Could the claimant, in such a case, prove his own declarations for the purpose of establishing his claim? If he could, then all any claimant need do is to pour into the ear of some one his unsworn account of a transaction, and thus make good his claim.

The appellee was permitted to testify as to the statements made by him to the witness, Isaac Cottrell. This was error. A party can not, by the rehearsal of a transaction with a deceased person, place himself in a situation entitling him to testify as to what he said to another about such transaction.

The rule allowing a party, in an action against heirs, upon a contract with their ancestor, to testify as to matters occurring subsequent to the ancestor's death, does not permit him to recite his version of an alleged contract with the deceased, and thus get it before the jury.

John Dayton was the guardian of one of the minor appellants, and as such was in attendance at court. A motion was made to separate witnesses, and the court excluded Dayton from the court room, because he was a witness. This ruling was erroneous. In *Larue* v. *Russell*, 26 Ind. 386, it was said of the exclusion of a party : " This proceeding is probably without a precedent. The right of a party litigant to be present during the trial of his cause, that he may be heard in his own behalf, has been so long accorded by universal custom, and is so obviously necessary for the security of private rights, that

the refusal to entertain the cause at all would scarcely be a greater error than the denial of this privilege.    Besides, it is secured by plain and positive statute."

The fact that the party acts in a representative capacity does not make any difference.    The guardian is bound to maintain the interests of his ward quite as earnestly and carefully as if they were his own, and his presence in court is as important as if the case were against him individually.

Other questions are discussed, but, as the judgment must be reversed for the reasons stated, we deem it unnecessary to consider them.

Judgment reversed.