SHEIDLEY, Adm'r, etc., *v.* AULTMAN and others.

*(Circuit Court, N. D. Ohio, W. D.* June Term, 1883.)

1. PRACTICE—USE OF DEPOSITIONS AFTER DEATH OF THE DEPONENT, IN SUIT BROUGHT BY ADMINISTRATOR.

The rule in chancery is that if the testimony was competent when the deposition was taken and filed, it remains competent, and the subsequent death of the party does not affect its use on the trial. The administrator merely takes up the case as it stood when the intestate party died.

Motion to Suppress Testimony made by Complainant.

*Lee, Brown & Lee,* for motion.

*Lynch & Day,* for respondents.

WELKER, J. The complainant, Benjamin A. Sheidley, in his life-time, filed his bill in chancery against C. Aultman, Jacob Miller, H. R. Wise, and G. M. Ogden, alleging that there had been a partnership venture in cattle in the state of Nevada, which had not been settled, and setting forth the proportionate interest of himself and other partners in the partnership transaction. Aultman, Miller, and Wise make a joint answer, and deny the terms on which Sheidley alleges the parties agreed to in said partnership contract, and stating different terms in the agreement, and also filed a cross-bill, alleging in it a great loss sustained by them in the enterprise, and charge fraud against the complainant. This is denied by the complainant. In his life-time the deposition of complainant, Sheidley, was taken in his behalf; and after such deposition was taken and filed, the defendants, Aultman, Miller, and Wise, gave their depositions in their own behalf; but during the time their depositions were being taken Sheidley was sick, and unable to be present and attend to the examination of the respondents, and after the completion and the filing of these depositions the complainant died. The suit has been revived in the name of the administrator, and he files this motion to suppress the testimony of the respondents so taken, because the suit is now between the administrator of Sheidley and the respondents, and is incompetent to be used on the trial, under section 858 of the Revised Statutes. The complainant now offers to withdraw the deposition of Sheidley, the original complainant.

This raises a question of practice in our national courts of considerable importance. The rule in chancery is that if the testimony was competent when the deposition was taken and filed, it remained competent, and the subsequent death of the party does not affect its use in the trial; that the administrator merely takes up the case as it stood when the intestate party died. 2 Abb. Pr. p. 707, § 208; *Vattier* v. *Hinde,* 7 Pet. 252.

I do not think the statute cited changes this rule of equity. The motion is therefore overruled.

BAXTER, C. J., concurs.