WINTER, ET. AL., V. SMITH, ET. AL.

1. CHANCERY PLEADING : *Misjoinder: Multifariousness.*
A bill in chancery by the *cestui que trust* against the trustee and others who have acquired distinct portions of the trust property, to compel them to account for the portions received, and against the maker of the trust, for judgment for the trust debt, is not objectionable for misjoinder of parties or causes of action.

2. SAME: *Parties: Misjoinder, etc.*
All parties who have an interest in the subject matter of a suit must be made parties to it, though they have not all an interest in all the matters in it. It is sufficient if each party has an interest in some of the matters in it, and they are connected with the others.

APPEAL from *Clark* Circuit Court in Chancery.
Hon. H. B. STUART, Circuit Judge.

*Smoote & McRae* for Appellants.

First, is the complaint multifarious as to any of the defendants? We do not pretend to say that this question is without difficulty; but we think, upon reason and the decided weight of authority, it is not.

The two sections of our statute which bear upon the subject, *Mansf. Dig., Secs. 4940, 5014,* do not pretend to make any change in the rules as to parties in equity, and in themselves are sufficiently broad to permit the joinder of all the defendants in this case. *Pomeroy's Remedies and Remedial Rights, Secs. 479–80.*

The object of the suit is single—the administration of the trust by a court of equity, as against an unfaithful trustee and others, who have wrongfully interfered with the trust property; and the trust property is the subject of the suit, and all persons interested in it or wrongfully interfering with it, are proper parties. The trust cannot be completely administered, and the questions involved in it cannot be fully settled, unless all the defendants are brought before the court. *Mansf. Dig., Sec. 4940; Holland v. Burris, 28 Ark., 171; Talliaferro v. Barnet, 37 Ark., 511, and authorities therein cited.*

When the subject of the suit is a matter of common interest among all the parties, though the interests of the several defendants are otherwise unconnected, still they may be joined. *Pomeroy's Remedies and Remedial Rights, Sec. 486, and authorities therein cited.* See, also, *Perry on Trusts, Vol. II, Secs. 873–890; Story Eq. Pl., Secs. 530–9; 2 Howard, U. S., 619; Story Eq. Pl., Secs. 278, 285, 530 note 5, and 533–4 and 212 and note; Mansf. Dig., Secs. 5015–16 and 507.*

*Montgomery & Hamby* and *Crawford & Crawford* for Appellees.

It was not *necessary* to join all these defendants and causes of action in one suit. They were not *all* necessary parties. *Mansf. Dig., Secs. 4940–1.* As to who is a necessary party see *Story Eq. Pl., Sec. 72; 28 Ark., 171; 37 Id., 511; 20 Id., 33.*

The bill is clearly multifarious. See *Jacobs, 157; 2 Austr., 469; Story, Sec. 271; 18 Ves. Jr., 80; Pom. Rem., etc., Sec. 489; 11 Ark., 726; 7 Sim., 241; Adams Eq., 310 n. 1; 4 Minor Inst., 1284; Story Eq. Pl., Sec. 271; 1 Dan. Ch. Pr., 385; 18 How., U. S., 259; 6 Otto, 60; 14 Id., 245; 1 John. Chy., 305; 34 Ark., 600; 31 Alb. L. J., 194; Pom. Rem., Secs. 438, 467–8, 476; Mansf. Dig., 5014; 17 Ala., 425.*

SMITH, J. This bill was filed by the beneficiary in a deed of trust against the maker, the trustee, and certain others who had possessed themselves of distinct portions of the trust property. It was alleged that the deed, which covered a crop of corn and cotton to be raised in the year 1883, and which was designed to secure a pre-existing debt, as well as future advances, had been duly acknowledged and recorded; and that the debtor, in September, 1883, had executed an instrument of writing, by which he surrendered said crops to the trustee, the proceeds to be applied to the satisfaction of said indebtedness; but that the trustee had proved unfaithful to the confidence reposed in him, and had applied a part of the proceeds of such crops to the payment of an individual debt due himself from the creator of the trust, and by his neglect and connivance had suffered other portions to be seized and misappropriated by persons whose claims upon it were subordinate to those of the plaintiff, by reason whereof the plaintiff's debt remained unpaid, and she was likely to be defeated in its collection, unless she could follow such proceeds into the hands of those

who had so received it. It is not distinctly averred that the defendants, other than the original debtor and the trustee, had notice of the trust. But it is to be inferred that they were chargeable with constructive notice from the registry of the deed.

Judgment was demanded against the principal debtor for the amount of his debt and also against the trustee and the other defendants for the value of such portions of the trust estate as they had converted to their own use.

Upon motion of the several defendants, the bill was dismissed for misjoinder of defendants and causes of action. The single question presented by the appeal is, was the bill multifarious? Did it unite distinct claims against unconnected parties?

It is, indeed, necessary that the cause or causes of action should affect all parties to the suit, but not all equally or in the same manner. For equity requires that all persons having any interest in the subject matter of the controversy, or in the relief to be granted, should be made parties, however diverse and unequal their interests may be. So, it is not indispensable that all the parties should have an interest in all the matters contained in the suit. It suffices if each party has an interest in some matters in the suit and they are connected with the others. *Pomeroy on Code Remedies, Sec. 480; Story on Equity Pleadings, Sec. 271 a; Howell v. Howell, 20 Ark., 25.*

The object of the present bill, that is, the relief sought, is the administration of a trust as against a faithless trustee and others, who, it is alleged, had wrongfully interfered with the trust property. The debtor who produced the crop is the common source of title to all the parties. And the purpose of the plaintiff in joining as defendants subsequent purchasers of portions of the mortgaged property is that their equities may be compared with hers, their claims be cut off and they be required to pay the value of property which is subject to the

plaintiff's lien, but which they have consumed or converted into money.

In *Gaines v. Chew, 2 Howard, 619*, a bill filed by the devisee under a later will against the executors of an earlier will, and all who had purchased portions of the testator's property from them was held not to be multifarious.

In *Perry on Trusts, Sec. 877*, it is said: "If the trustees commit a breach of trust, and third persons get the benefit of it, they must be joined as defendants in a suit by the *cestui que trust*. If the trustees convey the property to a third person with notice of the trust, or without consideration, such third person may be sued by the *cestuis que trust*, and must be joined with the trustees in a suit for relief by the *cestuis que trust*."

Decree reversed and cause remanded for further proceedings.