PARK, ADMR., v. LOCK, ADMR.

EVIDENCE:   *For or against an administrator as to transactions with deceased.*

A deposition of a party to an action as to transactions or statements of the other party, taken in the latter's lifetime, are not admissible after his death against his administrator.

APPEAL from *Sevier* Circuit Court.

Hon. A. B. STUART, Judge.

*S. P. Park*, as Administrator, *pro se.*

The testimony of S. P. Park was competent when taken, as it related to statements made by defendant, Nall, and was not incompetent by reason of the proviso to section 2, Schedule to Constitution 1874.   See *31 Ark., 364; 35 ib., 248; 37 ib., 195.*

It is stated in *Greenleaf on Evidence, vol. 1, sec. 168,* that it is a rule in equity that the deposition of a witness, if competent when his testimony was taken, is competent, though the witness afterwards becomes incompetent, and contends upon reason this is the correct rule.

As our statute provides for taking depositions generally, and makes no distinction between cases at law and cases in equity, we think there should be no distinction between a case at law and one in equity.

If it be a correct rule that depositions should speak from the time taken, we see no reason why an exception should be made in this class of cases, and to make exception in this class of cases would destroy that uniform construction of the law which is always to be desired.

Park, Admr., v. Lock, Admr.

## STATEMENT OF FACTS.

This is a suit commenced before a justice of the peace by S. P. Park, as administrator of the estate of J. F. Puckett, deceased, against G. H. Nall, on a note executed by him to said J. F. Puckett.

The defendant, G. H. Nall, filed as a set-off an open account. The case was taken to the circuit court by appeal, and while pending there, and before the death of G. H. Nall, the deposition of S. P. Park, plaintiff, was taken upon notice and in accordance with the statute, the said S. P. Park being a resident of Hempstead county, not joining the county where the action was pending. After the deposition was taken and published G. H. Nall died, and the suit was revived against his administrator, George T. Locke. On the trial of the cause in the circuit court, that portion of the deposition of Park relating to admissions or statements made by Nall to him concerning transactions between Nall and Puckett, and which were material to the issue under the set-off, was excluded from the jury. The exclusion of this evidence raises the only question presented. The appellant had judgment against the appellee, but in a less amount than he was entitled to, if the evidence had been admitted and credited by the jury.

## OPINION.

COCKRILL, C. J. In an action by or against an administrator, in which judgment may be rendered for or against him, the opposing party to the record is not a competent witness to speak of personal transactions with or statements by the deceased. This is the written law of the state, as found in *sec. 2, Schedule Constitution 1874.* The reason for it, it is said, is found in this, viz : that experience teaches that it is the part of prudence and wisdom

to provide that when one of the parties to a transaction is cut off from giving his version of it by death, the other shall not be heard. *McRae, as admr., v. Holcomb, 46 Ark., 306.*

The appellant's case is within both the letter and the reason of the law. He was a party to the record, and offered to testify to statements made by a person who was at the time of the trial dead, and whose administrator was the opposing party; and the testimony would have tended to augment the amount of the liability of the deceased's estate.

The witness was competent when the deposition was taken, because he deposed in the lifetime of his adversary; but in the meaning of the provision quoted above, he testified, or offered to testify, by the use of the deposition, at the trial. He was then incompetent to detail statements made by the deceased. The case of *Rinck v. Brooks, 28 Iowa, 484,* is a case in point. See, too, *Cottrell v. Cottrell, 81 Ind., 87; Chess v. Chess, 17 S. & R., 409, 412; Fielden v. Lathens, 6 Abb. Pr. N. S., 341.*

Let the judgment be affirmed.