O'Ferrall *v.* Van Camp.

Filed June 18, 1890.

---

No. 14,205.

## O'FERRALL *v.* VAN CAMP.

SALE.—*By Car Load.*—*Substitution of Larger Cars.*—*Construction of Contract.*—The plaintiff contracted with the defendant to sell and deliver to him twelve car loads of fruit cans, to be shipped in B. & O. freight cars, the number to be shipped in each car not being agreed upon. To lessen the freight expense to the defendant larger cars were procured.

*Held,* that the defendant was entitled to receive under the contract only a sufficient number of cans to fill twelve of the smaller cars.

From the Marion Superior Court.

*R. Denny* and *J. R. McFee,* for appellant.

*D. V. Burns* and *A. Seidensticker,* for appellee.

BERKSHIRE, J.—The appellant, as plaintiff below, recovered judgment at special term in the sum of $298.05 and costs.

From the judgment thus obtained the appellee appealed to general term, and in general term the judgment at special term was reversed, and from the judgment of reversal this appeal is prosecuted.

The action was brought to recover the price of certain merchandise which the appellant alleges he sold and delivered to the appellee.

The appellee, in addition to his answer to the complaint, filed a counter-claim, to which the appellant filed a reply.

The cause being at issue was submitted to the court for trial, and at the request of the appellee the court returned a special finding.

O'Ferrall *v.* Van Camp.

From the facts found the court stated as its conclusions of law that the appellee was indebted to the appellant in the sum of $298.05, and that judgment should be rendered for the appellant in that sum, together with costs.

The appellant excepted to the conclusions of law, and moved the court for judgment upon the facts found in the sum of $838.85, together with interest thereon from August 10th, 1879, which exception and motion were overruled by the court, and exceptions reserved. d.

The appellee moved the court for a new trial, which motion the court overruled, and to the said ruling he saved an exception.

The court thereupon rendered judgment in favor of the appellant for the sum of $298.05.

There seems to be no dispute as to the sale and delivery of the merchandise named in the complaint, nor as to the price which the appellee agreed to pay therefor. The controversy arises upon the counter-claim filed by the appellee, which alleges a contract between the parties, pursuant to which the said merchandise was sold and delivered, and a breach of the contract on the appellant's part, whereby the appellee was greatly damaged, and because of which he demands judgment.

In general term the several judges delivered separate opinions, each reaching a different conclusion from his associates, except that two of them agreed that the judgment at special term should be reversed.

The different conclusions to which the superior judges arrived depend upon the construction placed by each upon the special finding of facts and the effect of the evidence as it appears in the record.

The appellant, though dissatisfied at the time with the judgment rendered at special term, is now asking a reversal of the judgment in general term, and an affirmance of the judgment at special term.

O'Ferrall *v.* Van Camp.

The appellee contends that in fixing the amount of the appellant's recovery the court at special term included in its computation by mistake, and to the prejudice of the appellee, two items of $95.25 each, there being, as he contends, but one such item proved, and prefers to have the judgment at special term affirmed, less $95.25, if this can be done.

We think it probable that there was a double charge of $5.25, a $90 item by inadvertence being taken by the trial judge for a $95.25 item.

In view of the rule which has long prevailed in this court, we can not consider the weight of the evidence before the trial court. After having carefully considered the evidence with a view to ascertain whether or not the finding is supported by sufficient evidence, we are not prepared to say that it is not.

We come next and last to the special finding of the court. From the facts stated in the special finding the appellant, subject to certain terms and conditions to be performed by the appellee, obligated himself to deliver to the appellee twelve car loads of fruit cans, six car loads to be furnished in June, 1879, and six car loads not later than August 10th, following. The time of delivery of the six car loads last named was afterwards by agreement of the parties extended, but this fact is not material to the conclusion to which we have arrived. The number of cans to be placed in each car was not agreed upon, but the character of the cars in which the cans were to be transported was agreed upon; they were to be shipped in B. &. O. freight cars. Afterwards, for the accommodation of the appellee who was to pay the cost of transportation, the appellant consented to procure cars which would hold a greater number of cans than B. & O. freight cars, and he shipped six car loads in larger cars, and the seventh car load in a B. & O. car. Under the contract as made, the whole number of cans sold by the appellant to the appellee was a number equal to twelve times what one B. & O. freight car would reasonably hold, and from the special

finding we ascertain this number to be 27,040; the number of cans sold, therefore, was 324,480; of this number 206,-475 cans were transported in the six larger cars, and 27,-040 in the one B. & O. car, in all 233,515. When we deduct 233,515, the number of cans delivered, from 324,480, the number sold, we find the remainder to be 90,965. We have not overlooked the fact that the court states that under the contract the appellee was still entitled to 135,200 cans. This we regard as more in the nature of a conclusion of law than the statement of a fact, notwithstanding it appears as the statement of a fact and not as a conclusion of law. But there is nothing in the facts stated to support this conclusion; indeed it is a conclusion in opposition to the facts as given. The court does find that when the appellant consented as an accommodation to the appellee to procure larger cars the latter contemplated that he was to receive twelve car loads notwithstanding the size of the cars, but it is also stated that the appellant contemplated that when he had shipped seven of the larger car loads his contract was fulfilled. But no difference what may have been the understanding of either party, there could be no change in the contract until the minds of the parties came together and assented thereto. We are, therefore, unable to understand the *data* from which the court reached the conclusion that there were yet due to the appellant 135,200 cans.

We have not considered the question as to who was first in default in the performance of the conditions of the contract, for the reason that if it was the appellee it can not help the appellant in view of the conclusion to which we have arrived; and the court below having visited all of the consequences of a breach of the contract upon the appellant.

The conclusion reached at special term was that the appellant had broken the contract and was chargeable with damages for the breach, and reduced the amount which he would otherwise have been entitled to recover in the sum of $540. This was on the basis that the appellee was dam-

aged in the sum of $4 per 1,000 for each one 1,000 cans which he failed to get under the contract, and that he was entitled to 135,000 cans more than he received. But under the contract, as we have seen, he was only entitled to receive 90,965 cans, which at $4 per 1,000 would amount to $363.86 and when deducted from $838.85, the amount which the appellant should have recovered but for his default in performing the contract, would leave $474.99; and if it is conceded, as contended by the appellee, that there is an error in the computation of the court in the sum of $95.25 there will still remain $379.74, which exceeds the amount for which judgment was rendered, in the sum of $81.69.

The judgment at general term is reversed, with costs, with directions to the court in general term to affirm the judgment at special term.

ELLIOTT, J., took no part in the decision of this case.

Filed April 23, 1890; petition for a rehearing overruled June 18, 1890.