BUSH *v.* PRESCOTT & NORTHWESTERN RAILWAY COMPANY.

Opinion delivered May 27, 1907.

1. WITNESSES—TRANSACTIONS WITH DECEASED PARTY.—Kirby's Digest, § 3093, providing that "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party," applies where the only judgment that could be rendered against the executor or administrator would be a judgment for costs. (Page 213.)

2. ASSIGNMENT—PARTY.—In a suit against a railroad company to set aside a fraudulent assignment and compromise of a claim against the railroad company, the assignee of the claim was a proper party. (Page 214.)

3. WITNESSES—TRANSACTIONS WITH DECEASED PARTY.—Under Kirby's Digest, § 6011, providing that "the court may determine a contro-

versy between parties before it when it can be done without prejudice to the rights of others," the testimony of plaintiffs whose rights may be adjudicated without affecting the estate of a deceased person will not be excluded except in so far as it affects such estate. (Page 214.)

Appeal from Nevada Chancery Court; *J. D. Shaver,* Chancellor; reversed in part.

*W. V. Tompkins* and *J. O. A. Bush,* for appellants.

1. The court erred as to competency of the deposition of Mrs. Smith. It was taken before the death of Guy Nelson, and he was present and cross-examined. It was competent in chancery, but not at law. Kirby's Digest,§ § 3157, 3161; 50 Ark. 159; 1 Gr. Ev. § 163, i; 11 Ark. 82; 3 Gr. Ev. § 251; 64 Fed. Rep. 266; 18 *Id.* 7 Pet. 252; 2 Vesey, Sr. 42; Gresley on Ev. 366-7; 1. Starkey on Ev. 264-5; 1 Smith, Ch. Pr. 344; 1 Wharton on Ev. § 168. See also 9 Wash. 515; 13 Cyc. 993, c; 42 Mich. 477; 45 Mo. 265; 40 *Id.* 368; 100 Pa. St. 374; 84 Miss. 673; 6 Metc. 277; 40 Atl. Rep. 802.

2. Section 3093, Kirby's Digest, does not apply to this case. No judgment is asked against Guy Nelson's estate. 43 Ark. 317. His rights were settled in 76 Ark. 600. The evidence is sufficient to set aside the transfer for fraud. 3 Gr. Ev. 254; 1 Story, Eq. Jur. § § 190-3.

3. The testimony of Hamby fails at every point. 1 Gr. Ev. § § 7-12. *Falsus in uno, falsus in omnibus.*

*C. C. Hamby,* for appellees.

1. If appellants should succeed, judgment would be rendered against an administrator, and Mr. Smith's deposition could not be read. Const. 1874, section 2, schedule. 46 Ark. 210; 63 *Id.* 556.

2. There is no distinction at law and in equity. Kirby's Digest, § § 5980-1; 50 Ark. 157; 13 L. R. An. 682.

HILL, C. J. Mrs. Mary A. Smith brought action against the Prescott & Northwestern Railway Company for damages for causing the death of her son, Ed. Mechlin. She recovered judgment for $1,200, and the Railway Company appealed to this court, where it was reversed. *Prescott & Northwestern Railway Company* v. *Smith,* 70 Ark. 179. This court held that she had established a cause of action against the defendant, but that there

was misconduct in the trial of the case, to the prejudice of the
appellant, which called for a reversal and a new trial.

Mrs. Smith employed J. O. A. Bush, an attorney at law, to
represent her in the case, agreeing to give him a contingent fee of
one-half of the recovery. Pending the trial of the cause in the
circuit court, Mr. Bush formed a partnership with Mr. Guy
Nelson, and Mr. Nelson appeared with him in the trial of the
case. After the judgment was rendered, and before its reversal,
Nelson bought Mrs. Smith's half interest in said judgment in
consideration of a farm, valued at $400, which he conveyed to
her. After the reversal, a new contract was made between Mrs.
Smith and Mr. Bush and Mr. Nelson; Mr. Bush was still to have
one-half of the recovery, Mrs. Smith was to have one-fourth of
the recovery above $1,200, Nelson one-half of the recovery up to
$1,200, and one-fourth above that sum. Subsequent to this agree-
ment, Mr. Nelson procured an assignment from Mrs. Smith of
all her interest in the judgment, and with that assignment he
settled the suit with the railroad company and received a con-
sideration of $500 from it. The partnership between Bush and
Nelson had been dissolved some time prior to this.

Mr. Bush and Mrs. Smith brought action against the Rail-
road Company and Mr. Guy Nelson to set aside Mrs. Smith's
assignment to Nelson and his compromise. The defendants inter-
posed a demurrer to the complaint. The court sustained the de-
murrer, and the plaintiffs therein appealed to this court, and this
court reversed the decree, and held the complaint good on its face.
*Bush* v. *Prescott & Northwestern Ry. Co.,* 76 Ark. 497.

The allegations of the complaint are fully stated in the
opinion in said case. After reversal, Mr. Bush filed an amend-
ment to the complaint, alleging that at the time the Railway
Company and Nelson compromised the claim, the Railway Com-
pany had actual knowledge of the contract between him and the
plaintiff, Mrs. Smith, and knew that he was to receive fifty per
cent. of the possible recovery.

This amendment was evidently intended to enable him to get
the benefit of section 4457 of Kirby's Digest, as construed by
this court in *Kansas City, Ft. Scott & Memphis Rd. Co.* v.
*Joslin,* 74 Ark. 551.

Mr. Nelson died after the decree was reversed, and the

action was revived in the name of C. C. Hamby, as administrator of his estate. On the trial the testimony of six witnesses was taken: Mr. Bush, Mrs. Smith, Miss Carrie Mecklin, daughter of Mrs. Smith, John B'Shears, the notary who took the acknowledgement of Mrs. Smith to the last assignment to Nelson, on behalf of the plaintiffs, and the testimony of Mr. W. N. Bemis, president of the Railway Company, and Mr. Hamby, its attorney, on behalf of the defendant. And also the evidence of Mr. Tompkins was taken on a collateral issue.

The chancellor excluded the testimony of Mr. Bush and Mrs. Smith, in so far as it related to conversations and transactions between Mrs. Smith and the deceased, Guy Nelson, in his lifetime, and, considering only the other testimony, was of opinion, and found, that the plaintiffs failed to prove their cause of action, and dismissed the complaint.

The first question presented is as to the rulings of the court in excluding the testimony of Mrs. Smith and Mr. Bush as to the transactions with Guy Nelson. The original complaint prayed that the assignment from Mrs. Smith to Guy Nelson and the compromise between Nelson and the Railway Company be annulled and set aside and cancelled, and that the plaintiff Mrs. Smith recover of the Railway Company damages for the negligent killing of her son. This relief would have enabled Mr. Bush to have recovered, if Mrs. Smith recovered, his contingent fee through the judgment. On the former appeal the status of Nelson's rights under the allegations of the complaint was determined, in so far as this action is concerned; and the effect of this action on a possible litigation between the Railway Company and Nelson's estate to recover the amount paid in compromise would not render the inhibition against testimony as to transactions applicable in this action. Therefore, the only judgment that could be rendered against his administrator in this action would be a judgment for costs, but that may be a substantial judgment, and such judgment will be treated as one calling for the application of section 3093, Kirby's Digest. Mr. Nelson was a proper party to this suit. *Apperson* v. *Burgett,* 33 Ark. 328; *Hunt* v. *Weiner,* 39 Ark. 70; *Winter* v. *Smith,* 45 Ark. 549.

There is some difference in the authorities as to the effect of such provisions as section 3093, Kirby's Digest (which is

section 2 of the schedule of the Constitution), where there are several parties to the contract out of which the transaction grew. In Missouri and Massachusetts it has been held under similar provisions that the death of one party will not prevent testimony from the other parties being adduced against the administrator of the deceased. *Fulkerson* v. *Thornton,* 68 Mo. 468; *Nugent* v. *Curran,* 77 Mo. 323; *Goss* v. *Austin,* 11 Allen (Mass.), 525; *Hayward* v. *French,* 12 Gray (Mass.), 453. On the other hand, New York seems to hold otherwise. *Wilcox* v. *Corwin,* 117 N. Y. 500. These authorities are not of usual weight, because there are differences in the provisions and in the practice of joining parties, and the questions have arisen differently. Under section 6011 of Kirby's Digest, providing that the court may determine a controversy between parties before it, when it can be done without prejudicing the rights of others, or by saving the rights of others, it is apparent there can be no good reason for excluding testimony regarding transactions between parties whose rights may be adjudicated without affecting the estate of the deceased, who may have been a party to the contract out of which the transaction arose. See constructions of this statute in *Theurer* v. *Brogan,* 41 Ark. 88; *Smith* v. *Moore,* 49 Ark. 100; *Sproull* v. *Miles,* 82 Ark. 455.

The court concludes that the testimony of Mrs. Smith and Mr. Bush as to the transactions with Guy Nelson is admissible evidence in so far as it affects the action of Mrs. Smith and Mr. Bush against the Railway Company, but is not admissible in so far as it affects their action against the estate of Guy Nelson.

As heretofore indicated, the estate of Guy Nelson is a proper party to this suit; but relief may be granted between the other parties without affecting his rights. In fact, all of his rights, except as to costs, were adjudicated in the former appeal during his lifetime.

When the testimony of Mr. Bush and Mrs. Smith is taken into consideration, the finding of the chancellor is against the preponderance of the testimony, in so far as it finds against the allegations of Mr. Bush's amendment to the complaint. That the facts in evidence gave the railroad knowledge of Mr. Bush's attitude in the case and his unsettled claim is fairly established by a preponderance of the testimony, but that the railroad partici-

pated in the alleged fraud of Mr. Nelson in compromising the suit is not established by a preponderance of the testimony.

The difference between knowledge of facts which would entitle Bush to recover a reasonable fee under the statute and actual participation in a fraud on the plaintiff is quite wide.

It seems that the Railway Company thought it had the right to settle with Mrs. Smith through Nelson, and that the fact that Mr. Bush's contingent fee was unpaid would not prevent it from making such settlement, as the judgment on which he had retained his lien was reversed. In this the Railway Company erred, and must respond in proper action for a reasonable fee under section 4457. Originally, chancery had jurisdiction of this cause of action, and it is still competent to adjudicate it unless a transfer to law is asked. All equitable matters are now eliminated, and a trial at law may be demanded by either party.

The result of these views calls for an affirmance as to Mrs. Smith and a reversal as to Mr. Bush, and it is so ordered.

### ON REHEARING.

### Opinion delivered January 17, 1907.

HILL, C. J. Appellants ask the court to modify the judgment by reversing as to Mrs. Smith as well as Mr. Bush, and present two grounds therefor.

First. That the same rules governing depositions in suits at law do not govern in suits in chancery; and,

Second. That the Railway Company would not be required to actually participate in the fraud practiced upon Mrs. Smith by Guy Nelson if there was sufficient evidence to show knowledge of the fraud which Nelson was practicing upon her.

1. The constitutional provision (sec. 2. of the schedule) applies to all civil actions, equity as well as law; but there is a difference in the use of depositions at law and in equity. It is pointed out in *St. Louis, I. M. & S. Ry. Co.* v. *Harper,* 50 Ark. 157. There may be an importance in this difference in determining whether the witness is offered at the time his deposition is taken and filed, or when it is introduced in evidence. There is a hopeless conflict in the authorities on this question.

See the varying views and the authorities cited to support each in 13 Cyc. 993-5.

If the testimony is tested at law when it is offered, then the depositions go out. *Park* v. *Lock,* 48 Ark. 133. On the other hand, appellant's contention is thus stated in *Sheidley* v. *Aultman,* 18 Fed. 666: "The rule in chancery is that if the testimony was competent when the deposition was taken and filed, it remained competent, and the subsequent death of the party does not affect its use in the trial; that the administrator merely takes up the case as it stood when the intestate party died." (Citing authorities.) Should this be the accepted test of competency, and not when it is offered to the court, still the depositions in question go out. The deposition of Mrs. Smith, while taken on the 2d of October, 1902, was not filed until the 29th of November, 1905. Mr. Bush's testimony was given in open court on the trial of this case, but a deposition of his was taken on the same day that the deposition of Mrs. Smith was filed—the 29th of November, 1905. The record does not show the date that Mr. Nelson died, but it does show that the suit was pending in the name of Mr Hamby as administrator of Nelson at the time Mrs. Smith's deposition was filed and Mr. Bush's taken. And it is stated in the brief of his administrator that he died on November 4, 1904. It is thus seen that if the view most favorable to the appellants be adopted the depositions would not be admissible, as they did not become parts of the record until after the death of Nelson, and while the suit was pending against his administrator

The court will determine which of these rules is supported by the sounder reason when the case arises which calls for such decision.

2. The competent evidence falls short of showing that the Railway Company knew that Mr. Nelson was practicing a fraud upon his client, Mrs. Smith. It is quite evident that the Railway Company had knowledge that Mr. Nelson was settling Mrs. Smith's case without the knowledge of his former partner, Mr. Bush, and over his head; but the court does not think that the evidence is sufficient to charge the Railway Company with the knowledge of any fraud which Mr. Nelson may have practiced upon Mrs. Smith, unless these depositions can be considered.

Motion is overruled.