[Civ. No. 2283. Second Appellate District.—July 23, 1918.]

## M. E. DUTWILER, Respondent, v. A. J. KLUNK et al., Copartners, Appellants.

SPECIFIC PERFORMANCE—CONTRACT FOR CARLOAD OF IRON—UNCERTAINTY AS TO QUANTITY.—A contract for a carload of iron is enforceable, notwithstanding the parties in making the contract did not state how much iron should constitute a carload and did not attempt to provide what should be either the minimum or maximum amount of iron in such carload.

APPEAL—ALTERNATIVE METHOD—PRINTING OF RECORD IN BRIEFS.—Where the record on appeal has been prepared in typewritten form under the alternative method provided by sections 953a et seq. of the Code of Civil Procedure, the parties must print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Ward Chapman, and L. M. Chapman, for Appellants.

Barstow, Rohe & Jeffers, for Respondent.

CONREY, P. J.—The defendants were engaged in selling a certain kind of patented camp stove. In order to obtain a supply of stoves for the market they agreed with the plaintiff that the plaintiff would obtain a carload of iron and manufacture that iron into stoves, for which the defendants

would pay to the plaintiff seventy-five cents per stove. The stoves were to be made in accordance with certain dies which the defendants were to furnish and did furnish. After a part of the stoves had been delivered and paid for, the defendants, with plaintiff's consent, shipped the dies to Chicago for the purpose of using the same in manufacturing a quantity of stoves there, but with a promise to return the same to the plaintiff to complete his contract. These dies never were returned to the plaintiff. Of the iron remaining in the plaintiff's hands a part had been blocked out for stoves and a part was untouched. The judgment, which was in favor of the plaintiff, covers a sum allowed for depreciation in value of the iron which had been blocked out and a sum covering the profits which the plaintiff would have made if the contract had been fulfilled. The defendants appeal from the judgment.

The principal grounds of appeal urged by the defendants are the following: 1. The contract was void for uncertainty in the attempted specification of the quantity of iron authorized to be ordered, and was therefore unenforceable in so far as uncompleted stoves were concerned. 2. The evidence does not support the finding that defendants agreed to purchase more than the number of stoves to be made from a minimum car of forty thousand pounds, to wit, approximately three thousand five hundred stoves. 3. The judgment for depreciation in value of the cut-up iron and loss of prospective profit was unwarranted, because the contract was not performed nor was performance prevented by defendants. On the contrary, plaintiff himself breached the contract and abandoned the same when he loaned or sold a part of the metal ordered for the performance of his contract. 4. The court erred in declining to allow defendants an opportunity to procure the original freight bill of the car in question and thus prove the weight of the metal delivered.

We have not been favored with a printed copy of the court's findings, but from the evidence produced in the brief we infer that the weight of the iron in that carload was found to be 49,618 pounds. There was evidence tending to show that such was the true weight. Appellants claim that their order was limited to a minimum carload and that a minimum carload of iron would have weighed only forty thousand pounds. The evidence was amply sufficient to sup-

port the court's conclusion that the contract simply provided for a carload of iron without limiting the quantity to any specified weight. Taking this to be the fact, we think that the contract was enforceable, notwithstanding, the fact that the parties in making their agreement did not state how much iron should constitute a carload and did not attempt to provide what should be either the minimum or maximum amount of iron in such carload. In the case of a contract for nine carloads of lumber it was held by the appellate court of Indiana that the parties might contract for nine carloads without specifying the capacity of the cars. (*Indianapolis Cabinet Co.* v. *Herrman,* 7 Ind. App. 462, [34 N. E. 579].)

On cross-examination of the plaintiff he admitted that after the carload of iron came into his possession and before the dies were taken away by the defendants, the plaintiff loaned thirty bundles of the iron to another corporation. After about six weeks this iron was returned by the borrower to the plaintiff. During that period of six weeks the defendants took away the dies for the stated purpose of sending them away temporarily for the special purpose stated above. They were informed at that time that these thirty bundles had been loaned to another establishment, but they made no objection thereto. On the contrary, the defendants treated the contract as still in force and promised that they would return the dies within a stated time. Our attention has not been called to any evidence tending to show that the act of the plaintiff in lending these thirty bundles of iron, amounting to about four thousand five hundred pounds, caused any delay or in any manner interfered with the plaintiff's performance of his contract. These facts, therefore, do not furnish any valid ground for appellants' claim that the judgment for depreciation in value of the cut-up iron and the loss of prospective profits was unwarranted.

The last point argued in appellants' brief relates to an alleged error in ruling upon the admission of evidence. No part of the record upon this question has been printed in that brief or in the brief of the opposing party. They disagree about the facts, and the matter in dispute is not properly before us for determination. Where the record on appeal has been prepared in typewritten form under the alternative method provided by section 953a et seq. of the Code of Civil Procedure, the parties must "print in their briefs,

or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court.'' (Code Civ. Proc., sec. 953c; *Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085].)

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.