STERNBERG *v.* STRONG.

Opinion delivered April 23, 1923.

1. MORTGAGES—CONVERSION OF MORTGAGED PROPERTY—JOINT LIABILITY.—Where a mortgagor sold a part of the mortgaged property to a third person without the knowledge or consent of the mortgagee, this constituted a conversion of the property, for which the mortgagor and the purchaser were liable in the same action.

2. PLEADING—MISJOINDER OF CAUSES—WAIVER.—When a chattel mortgagee joined in a suit to foreclose with one for conversion of part of the mortgaged property, this constituted only a misjoinder of causes of action, objection to which was waived by failure to move to strike.

3. PLEADING—INDEFINITENESS—REMEDY.— Where the substantial facts which constitute a cause of action are stated in the com-

plaint or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete or defective, such insufficiency pertaining to the form rather than the substance, the proper correction is by motion before the trial to make the averments more definite and certain by amendment.

4. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—It was not error to permit a complaint which stated a cause of action defectively to be amended so as to make the allegations more definite and certain, and the filing of an amendment to the complaint for that purpose two days before the decree was rendered did not constitute the bringing of a new cause of action.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

STATEMENT OF FACTS.

A. R. Strong brought this suit in equity against W. T. Ingram and others, including S. S. Sternberg, to foreclose a chattel mortgage on certain personal property executed in his favor by W. T. Ingram to secure an indebtedness of $2,000. At the time the mortgage was executed W. T. Ingram resided in Mississippi County, Ark., and the mortgage was duly filed for record there. W. T. Ingram had possession of the property in Mississippi County, Ark., and sold a portion of it to S. S. Sternberg and others who resided in Mississippi County. W. T. Ingram, without paying any part of the mortgage indebtedness, subsequently moved to Greene County, Ark., and carried the remainder of the mortgaged property with him.

In another paragraph of his complaint the plaintiff alleges that, subsequent to the execution and delivery of the mortgage, W. T. Ingram, without his knowledge and consent, sold a portion of said mortgaged property to S. S. Sternberg and others in Mississippi County, Ark., and carried with him the remainder of the mortgaged property. He sold a part of this to persons in Greene County without the knowledge or consent of the plaintiff.

The prayer of the complaint is that plaintiff have judgment against W. T. Ingram in the sum of $1,323.89 and the accrued interest; that said Ingram be required to give an accounting as to the parties to whom he has sold said mortgaged property; that a receiver be appointed into whose possession the defendants be required to deliver the property, or its value, so respectively acquired by them, and that the property which may thus come into the possession of the receiver be sold on such terms as the court may direct, for the purpose of satisfying said mortgage indebtedness. This complaint was duly filed, and service of summons was had on S. S. Sternberg on the 18th day of October, 1920.

An amendment to the complaint was filed by the plaintiff on April 5, 1921. In it the plaintiff alleges that the several sales made by Ingram of the mortgaged property amounted to a conversion of it by the parties participating in the sales, and that the property so sold had not been delivered to the receiver; that the value of the property had greatly depreciated since its sale, and that the value of the mules sold to and converted by the defendant, S. S. Sternberg, was $400 at the time of such conversion. Judgment was prayed for against him in this amount. Similar allegations were contained in the amendment of the complaint as to the other defendants who had purchased the mortgaged property.

On the 7th day of April, 1921, the case was heard by the chancellor, and a decree was entered in favor of the plaintiff. The case was heard upon the pleadings, the depositions of A. R. Strong and W. T. Ingram, and a report of the receiver. Among other things the court found that the plaintiff should have and recover in tort from the defendant, S. S. Sternberg, damages in the sum of $400. The decree specifically recites that S. S. Sternberg and other defendants, although duly served with personal summons for the time and in the manner required by law, came not but made default

To reverse the decree as to him, the defendant, S. S. Sternberg, has duly prosecuted an appeal to this court.

*J. T. Crowder,* for appellant.

No jurisdiction was acquired of appellant by the court in Greene County by service of summons on him in Mississippi County, there being no joint liability between him and defendant Ingram. 144 Ark. 473; 150 Ark. 384. The filing of the amendment to the complaint two days before judgment by default taken was in effect a new suit, of which appellant had no notice.

*R. P. Taylor,* for appellee.

The amendment to the complaint only amounted to making it more definite and certain. Case unlike 145 Ark. 273. Mortgagee had right to sue the purchaser of the mortgaged property with the mortgagor, and, if not, the purchaser, by not objecting to the misjoinder, waived it. Sec. 7393, C. & M. Digest; 121 Ark. 514; 59 Ark. 280; 97 Ark. 432; 26 R. C. L. 763; 134 Ark. 311; § 1176, C. & M. Digest. Appellant should have moved to transfer the cause. 140 Ark. 558; 151 Ark. 554. Evidence heard on trial not in record, and will be presumed to support chancellor's findings.

HART, J., (after stating the facts). It appears from the record that the original suit to foreclose the mortgage was brought by Strong, the mortgagee, in Greene County, and that service of summons was had upon W. T. Ingram in that county. Summons was served upon S. S. Sternberg in Mississippi County.

Counsel for appellant contends that, under the allegations of the complaint, there was no joint liability between Ingram and Sternberg, and that the case calls for the application of the rule announced in *Lingo* v. *Swicord,* 150 Ark. 384. We do not think that case has any application. There the court held that there was no liability at all on the part of appellant Lingo to Swicord. Here the facts are essentially different. According to the allegations of the complaint, Ingram, without paying the mortgage indebtedness, sold a part of the mortgaged prop-

erty to Sternberg without the knowledge or consent of Strong, the mortgagee. This constituted a conversion of the property, and both Ingram and Sternberg were liable to Strong for a conversion of it. *Merchants' & Planters' Bank* v. *Meyer,* 56 Ark. 499; *Winter* v. *Smith,* 45 Ark. 549.

Appellee filed an amendment to his complaint on the 5th day of April, 1921, and in this amendment he alleges that the several sales made by Ingram of the mortgaged property amounted to a conversion of said property by the parties respectively participating in such sales. Appellee alleges further that the property so sold had not been delivered to the receiver, and that the value of the two mules sold to and converted by S. S. Sternberg was $400. Wherefore he prayed judgment against Sternberg for that amount.

The decree in the present case was entered of record two days after the amendment to the complaint was filed.

It is the contention of appellant that the amendment to the complaint was in effect a new action against Sternberg by Strong, and that the decree should be reversed because only two days elapsed between the filing of the amended complaint and the rendition of the decree. We do not think that the filing of the amendment to the complaint amounted to the institution of a new suit by Strong against Sternberg. The original complaint specifically alleged that W. T. Ingram, without the consent or knowledge of Strong, sold a part of the mortgaged property to S. S. Sternberg without paying the mortgage indebtedness. The prayer of the complaint was that the defendants be required to deliver the property or its value, so respectively acquired by them, to the receiver. The rule is that, if the substantial facts which constitute a cause of action are stated in the complaint or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete or defective, such insufficiency pertaining to the form rather than the substance, the proper correction is by a motion before the trial to make the

averments more definite and certain by amendment. *Bushey* v. *Reynolds,* 31 Ark. 657; *Rinehart & Gore* v. *Rowland,* 139 Ark. 90; and *Wm. R. Moore Dry Goods Co.* v. *Ford,* 146 Ark. 227.

The substance of the complaint against Sternberg was that he bought certain mortgaged property from Ingram before the mortgage indebtedness was paid, without the consent of the mortgagee, and thereby converted the mortgaged property to his own use. It is true that he should have stated in his original complaint that the property converted was two mules, and their value was $400. These defects, however, should have been corrected by a motion to make the complaint more definite and certain in these respects. This Strong did by leave of the court, on his own motion. Hence the amendment to his complaint did not constitute the filing of a new cause of action against Sternberg, as contended by the latter, but it was properly an amendment to a complaint imperfectly or defectively stated in the first instance. Therefore the court did not err in allowing the amendment to be filed, and the filing of it did not constitute the bringing of a new cause of action against Sternberg. Sternberg permitted a decree by default to be entered against him. Proof was heard by the court before entering the decree, and the presumption is that the evidence introduced was sufficient to sustain the issues raised by the complaint. Indeed, the evidence heard at the trial is not contained in the record, and no contention is made by appellant that it is not sufficient to sustain the decree. His only contention is that the court did not acquire jurisdiction over his person, because the cause of action against him was improperly joined with one against Ingram, and because the amendment to the complaint, which was allowed to be filed only two days before the decree was entered of record, constituted the bringing of a new suit against him.

These contentions have been determined adversely to him for the reasons stated above, and it follows that the decree must be affirmed.