PREWITT, APPELLANT, v. LAMBERT, APPELLEE.

1. CHALLENGE FOR CAUSE.

The overruling of a challenge for cause is not ground for reversal, unless it be shown that an objectionable juror was forced upon the challenging party after he had exhausted his peremptory challenges.

2. DEFENDING AS ADMINISTRATOR.

When a person sued individually for the conversion of property undertakes to defend as administrator, he must establish by positive averment and proof his status as administrator and that he is possessed of, or entitled to, such property, and chargeable therewith in such capacity, by some appropriate preliminary trial, before the opposite party, or other interested parties, can properly be excluded as witnesses upon the merits of the case.

3. ESTOPPEL IN PAIS.

Matter of estoppel *in pais* to be made effective as a defense must be pleaded.

4. INSTRUCTION AS TO EVIDENCE.

To sustain a plea of property in a defendant as administrator, where such defense is properly framed, it is not sufficient that the evidence should show that defendant is defending as administrator in good faith, but it should also show that the property in controversy belonged to the estate of defendant's intestate, and not to plaintiff.

*Appeal from the District Court of La Plata County.*

ACTION for the conversion of personal property. Verdict and judgment in favor of plaintiff. Defendant appeals.

Messrs. GALBREATH & JACKSON and Mr. W. E. BECK, for appellant.

Messrs. RUSSELL & McCLOSKEY, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Minnie Lambert, by her guardian Irena A. Lambert, was plaintiff below. Prewitt was defendant. By the complaint defendant was charged with the wrongful conversion of certain domestic animals and a piano, the property of plaintiff.

1. The overruling of appellant's challenge to the array of jurors, and, also, the overruling of appellant's challenges of individual jurors, are assigned for error.

The court did not err in overruling the challenge to the array. The challenge was based on an affidavit by defendant to the effect that a case between the same parties had just been tried by the panel of jurors now called, and that the facts in the cause about to be tried are similar to those in the case already tried, whereby the jury has become biased and prejudiced. The examination of the jurors upon their *voir dire* did not bear out the statements of the affidavit. If any juror called in this cause had become biased or prejudiced by reason of the trial of the previous case, that might have been

a good ground of challenge to such individual juror; but it was not sufficient ground upon which to base a challenge to the whole panel, or to the array.

The only examination of the jurors set out in appellant's abstract is as follows. One juror said:

"I said upon the streets yesterday that, where a woman was the plaintiff, she ought at all times to have a verdict in her favor. I certainly would give the lady the best of it. Would believe a woman before a man. Believe women more worthy of belief. I do not refer to any particular man or woman—merely applies in the abstract."

Defendant's challenge to this juror was disallowed. Reluctant as this court is to overrule the judgment of the trial judge in passing upon challenges for cause, we are constrained to say that some of the sentiments expressed by the juror indicate a state of mind disqualifying him to sit in the cause; they evince too much gallantry for the fair and impartial administration of justice. But the ruling of the court does not, in this instance, furnish sufficient ground for reversal. As the question is presented on this appeal it is not made to appear that defendant exhausted his peremptory challenges, or that he was required to accept any objectionable juror. An eminent author on this subject says:

"It is a rule of paramount importance that errors committed in overruling challenges for cause are not grounds of reversal, unless it be shown an objectionable juror was forced upon the challenging party after he has *exhausted his peremptory challenges;* if his peremptory challenges remained unexhausted, so that he might have excluded the objectionable juror by that means, he has no ground of complaint." 1 Thompson on Trials, § 120; *Denver S. P. & P. R. R. Co. v. Moynahan,* 8 Colo. 58; *Denver S. P. & P. R. R. Co. v. Driscoll,* 12 Colo. 521; *Babcock v. The People,* 13 Colo. 518.

2. Were plaintiff and her guardian, Mrs. Lambert, competent as witnesses in plaintiff's behalf under the issues as framed and tried?

After the case was called for trial defendant had leave

upon terms to file an amended answer. By the first amended defense defendant denied generally each and every allegation of the complaint. By the second amended defense he pleaded in substance that he was the duly appointed and qualified administrator of William H. Lambert, deceased, setting out a copy of his letters of administration; the second defense concludes as follows:

" And defendant alleges that he received the property of the said William H. Lambert, deceased, as such administrator, and inventoried the same, and stands charged with the same in the county court of La Plata, and if the property described in plaintiff's complaint is included in said inventory he is in possession of the same, by acting as such administrator, and as such only, with the exception of the piano described therein, and that same property belongs to said estate."

The defense was not sufficient either in form or substance to warrant the court in holding that the defendant was *in good faith* defending as an administrator. The defense does not assert that defendant had any of the property in controversy in his possession or included in his inventory. Beneficent as the statutory rule is, which precludes parties and persons interested in an action from testifying therein when the opposite party sues or defends as an administrator, the rule must be judiciously applied, or it may work great wrong and injury. The rule does not properly apply, unless it unquestionably appears that the party invoking its protection is suing or defending in his representative capacity. This question has received consideration in the case of *Prewitt v. Lambert*, decided at this sitting of the court. Gen. Laws 1877, § 2952; Gen. Statutes 1883, § 3641; 2 Mills An. Stats. § 4816.

When a person is sued individually in respect to property which he desires to defend as administrator, he may by certain and positive averments plead:

*First*, his appointment and qualification as administrator, together with the facts showing that he is possessed of, or

entitled to, such property and chargeable therewith *as administrator;* and,

*Second,* his intestate's right, title, or interest in and to such property.

If the first part of such plea be controverted, the averments must be established by some appropriate preliminary trial, before the opposite party, or other interested parties, can be properly excluded as witnesses upon the trial of the second part. This, or some practice analogous in substance, is clearly necessary. If the practice contended for by appellant's counsel were to obtain, any person sued individually in *replevin, trover,* or *trespass de bonis,* might, by a mere suggestion or objection at the trial, or by an unverified plea, assert his claim to the property in controversy as an administrator, and thus prevent the opposite party, or other parties interested, from testifying, when in fact he was without color of right to assert any claim to the property in such representative capacity. As the issues stood before the court when Mrs. Lambert and plaintiff were called as witnesses, the court did not err in permitting them to testify.

3. It is assigned for error that the court refused to charge the jury that if plaintiff solicited defendant to take upon himself the administration of the estate of W. H. Lambert, and by word, action or deed induced him to believe that the property for which she sues was the property of said estate, and by reason of her conduct in that behalf induced him to inventory and take charge of said property, then she cannot succeed in this action.

This instruction did not state the law applicable to the case under the pleadings. The declarations of a party to an action may be given in evidence against him, but their weight is, in general, subject to the consideration of the jury. Such declarations will have more or less weight as evidence, according to the circumstances under which they were made. In this case, plaintiff was a minor,—a little girl. The fact that she may have solicited defendant to become administrator of her father's estate, and by word or action induced him

to believe that the property in controversy belonged to said estate, was evidence against her claim of property in the suit, but it was by no means conclusive. The only way such conduct on the part of even an adult person could be considered conclusive as a defense would be when it was of such a character as to amount to an estoppel. It is true, that when an owner of property disclaims his ownership, or represents his property as belonging to another, and thereby induces a third party to purchase it, or to invest his money in it, such owner may be estopped from afterwards asserting his title. But the acceptance of an appointment as administrator and taking possession of property by virtue of the representations of a minor child can hardly be classed as an analogous case. Besides, an estoppel *in pais* to be effective as a defense must be pleaded. See *De Votie v. McGerr*, 15 Colo. 467, and cases there cited.

4. The modification of instruction No. 3 as prayed by defendant is assigned for error. The instruction as prayed declared that plaintiff could not recover in case the jury believed from the evidence that defendant was in good faith holding the property sued for at the commencement of the action as the administrator of the estate of W. H. Lambert. The rule thus stated certainly did not declare correctly the ultimate test of the rights of the parties. To sustain a plea of property in the defendant as administrator, even if such a defense had been properly framed, it was necessary that the jury should believe from the evidence, not only that defendant was defending as administrator in good faith, but that the property in controversy belonged to the estate of W. H. Lambert, and not to plaintiff. The court did not err in adding words to that effect. The rule as prayed for would entitle a person defending *in good faith as administrator* to succeed, whether his intestate had any right to the property in controversy or not.

The objections to the instructions as given need not be considered in detail. The charge of the court was fair and impartial; it carefully guarded the rights of defendant. The

verdict was in favor of defendant as to the piano; but was in favor of plaintiff generally as to the residue of the case. As the assignments of error have been presented upon this appeal they need not be further discussed. The verdict was satisfactory to the court below on motion for a new trial, and that tribunal possessed advantages superior to an appellate court for reviewing the evidence in a case tried as this was. The judgment of the district court is affirmed.

*Affirmed.*