Gunter, J.
Replevin to recover certain mining machinery and tools. . Verdict and judgment for defendant's. Plaintiff appeals. The complaint alleges ownership and right of possession in plaintiff. This the answer denies, and alleges that defendant Craig as constable seized the property involved under writs of execution as that of the execution debtors, which debtors —it is further alleged — had transferred it to plaintiff without consideration with intent to defraud creditors. Affirmative matter in the answer is denied by the replication. Appellee Gentry, was made a party defendant through being custodian of the property while held under the execution.
The issues of fact pertinent to. this, review are: Was plaintiff the owner and entitled to possession of the. property in question? Had a sale thereof *354 been made by the execution debtors to plaintiff with intent to defraud cerditors %
The evidence on behalf of plaintiff was the testimony of witnesses, Henry Leschen, John A. Leschen, members of plaintiff corporation, McDonald, manager of Denver branch of Fairbanks, Morse & Company, Stevens, manager of Hercules Gold Mining Company, and certain checks, receipts, and letters relative to the purchase of the goods in controversy. .From this evidence it appears that during July and August, 1897, plaintiff bought of Fairbanks, Morse & Company the machinery and tools involved. One lot, new when purchased, was bought under a proposition made to plaintiff by Fairbanks, Morse & Company July 24, 1897. This purchase was made in the name of plaintiff, paid for by it, and shipped from Denver by Fairbanks, Morse & Company to the Jolly Tar Mine where it remained without change of title until levied on under executions mentioned. The sale of the second lot was about August 11. This lot at the time of the sale was at the Joily Tar Mine, was owned by Fairbanks, Morse & Company, sold by it to plaintiff, paid for by plaintiff, and remained without change of title until levied on under the executions.
The evidence for defendants consisted of the ■ testimony of witnesses, Bliley, Craig, Gentry, Bell and Sutphine. That of the first two, and the only material part of the testimony of Gentry, going entirely to the issue of value. The remainder of the testimony of Gentry is made up of inadmissionable hearsay statements, all of which, however, are consistent with the testimony of witnesses for plaintiff. Bell testified to remarks made by John A. Leschen, from which he said he concluded that Henry Leschen owned the property involved. These remarks, as well as the conclusions of Bell, were inadmissionable *355 as against plaintiff; further, there is nothing in them inconsistent with plaintiff being.the owner of the property in controversy. The testimony of Sutphine is consistent with that on behalf of plaintiff. The evidence is convincing and without contradiction that plaintiff was at the time of the institution of the replevin suit the owner and entitled to the possession of the property involved, and that at no time had the execution debtors sold it to plaintiff with intent to defraud creditors.
Appellees contend that plaintiff permitted defendants in the execution proceeding to so hold themselves out as owners of the property as to justify the execution creditors in believing defendants to be the owners, and that plaintiff is now estopped as to such creditors from asserting ownership in itself of the property involved. This defense is matter in estoppel, and cannot be relied upon unless pleaded. — Prewett v. Lambert, 19 Colo. 7, 12, 34 Pac. 684; Gaynor & Standley v. Clements, 16 Colo. 209, 210, 36 Pac. 324; De Votie et al. v. McGeer, 16 Colo. 467, 24 Pac. 923.
It was not pleaded. Further, there was no evidence to sustain it.
On the ground that the. evidence without contradiction showed that plaintiff was the owner and entitled to the possession of the property involved the judgment for defendants was wrong and should be reversed. Reversed.