HANNAH LOWRY, PLAINTIFF IN ERROR, v. PETER TIVY, SURVIVING PARTNER (IMPLEADED, ETC.), DEFENDANT IN ERROR.

Argued November 12, 1902—Decided February 24, 1903.

In an action founded upon a promissory note, in which a surviving partner and the personal representative of a deceased partner are joined as parties defendant severally liable, pursuant to section 29 of the Practice act (*Gen. Stat., p.* 2537), if the several issues are tried together without objection, the plaintiff may give testimony concerning transactions with, and statements by, the deceased partner, so far as relevant to show the liability of the partnership firm upon the note, notwithstanding section 4 of the revised Evidence act. *Pamph. L.* 1900, *p.* 363.

On error to Hudson Circuit.

Before.GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Leon Abbett.*

For the defendant in error, *William S. Stuhr.*

The opinion of the court was delivered by

PITNEY, J.    This action was brought to recover moneys alleged to have been loaned by the plaintiff to the firm of

Tivy & Schmidt, composed of Peter Tivy and August J. Schmidt, as partners, and alleged to have been secured by two promissory notes made by Schmidt individually, payable to the order of the plaintiff, and indorsed with the firm name of Tivy & Schmidt, signed in the handwriting of Schmidt. Schmidt having deceased, the plaintiff joined as parties defendant the administrator of the deceased partner and Peter Tivy as surviving partner. The declaration contains the common money counts, and to it are annexed copies of the promissory notes which are referred to in the declaration and thereby made a part of it, as permitted by section 123 of the Practice act. *Gen. Stat., p.* 2554. The pleader relied upon section 29 of the Practice act (*Gen. Stat., p.* 2537), entitling the holder of a promissory note, instead of bringing separate actions against the parties separately liable, to include them in one action. No question is raised as to the applicability of that section in a case like the present, for notice of misjoinder was not given in the manner prescribed by section 38 of the Practice act. *Gen. Stat., p.* 2539. Therefore, the plaintiff was entitled to proceed to trial and recover judgment against either or both of the defendants according as her proofs warranted. *Patterson* v. *Loughridge,* 13 *Vroom* 21; *Elliot* v. *Bodine,* 30 *Id.* 567; *Bank of Toronto* v. *Manufacturers and Merchants Fire Association,* 34 *Id.* 5 (at *p.* 13).

The defendants severed in their pleadings, but the several issues were brought on to trial together without objection. The plaintiff proved the making and delivery of the promissory notes by Schmidt, and proved that the indorsements were in his handwriting and that a partnership existed at that time between Schmidt and Tivy. The notes were thereupon admitted in evidence. They were made long before the enactment of the recent general act relating to negotiable instruments (*Pamph. L.* 1902, *p.* 583), and so the present case raises no question of the effect of section 17 of that act, which prescribes that where the language of the instrument is ambiguous certain rules of construction shall apply, and, among others, that where a signature is so placed upon the instrument that it is not clear in what capacity the person

making the same intended to sign, he is to be deemed an indorser. Therefore, since the notes in question were the individual notes of Schmidt, payable to the order of the plaintiff, and indorsed in the firm name of Tivy & Schmidt, the indorsement in and of itself alone does not import any contract on the part of the firm. But extrinsic evidence is admissible to show what was the contract of the parties. *Chaddock* v. *Van Ness,* 6 *Vroom* 517; *Haydon* v. *Weldon,* 14 *Id.* 128; *Johnson* v. *Ramsay, Id.* 279 (at *p.* 283); *Building Society* v. *Leeds,* 21 *Id.* 399; *Middleton* v. *Griffith,* 28 *Id.* 442 (at *p.* 448).

The plaintiff was sworn as a witness and was asked concerning certain transactions alleged to have taken place between her and Schmidt at the time of the making of these notes; she was also asked whether she had loaned moneys to the firm of Tivy & Schmidt at the time the notes were given. These questions were objected to by counsel for the defendants, on the ground that, under the revised Evidence act (*Pamph. L.* 1900, *p.* 363, § 4), Mrs. Lowry, being a party to the action, was excluded from testifying to any transaction with, or statement by, the deceased Schmidt. The objection was sustained by the trial court. At the close of the case the court directed a verdict in favor of the plaintiff against Schmidt's administrator, and granted a nonsuit in favor of the defendant Peter Tivy, on the ground of want of evidence against the firm. At the instance of the plaintiff exceptions were sealed to the rulings just referred to, and she now brings this writ of error, seeking to reverse the judgment of nonsuit.

If the administrator of Schmidt had been the sole party defendant, the rulings of the trial judge with respect to admission of evidence would have been manifestly correct. But as against the defendant Tivy, who was sued individually, and not in a representative capacity, the plaintiff was entitled to give testimony as to transactions between her and the deceased partner relating to the partnership business. And as the trial was permitted to proceed upon the combined issues raised by the pleas of the several defendants, whatever was admissible in evidence against one defendant was proper evi-

dence to be admitted in the cause. If either defendant had a right to limit the force and effect of any testimony, this might have been done by proper instructions to the jury. The total exclusion of the evidence offered was erroneous, and the error obviously prevented the plaintiff from completing her proofs as against the defendant Tivy.

The judgment under review should be reversed, and a *venire de novo* awarded.