## No. 8663.

### NESBITT *v.* SWALLOW.

1. JUDICIAL OPINION—*How Contrued*, as stating the law only as applied to the facts presented.

2. EVIDENCE—*Witness—Competency.* Holloway having executed to plaintiff a mortgage of lands securing a promissory note, sold the lands to Beatty, and Beatty executed to him a note and mortgage for deferred instalments of the purchase money. The latter note passed to Nesbitt, and from him to his administrator. In the trial of plaintiff's action to foreclose the first mortgage he was held competent to prove, even as against the administrator, the execution of Holloway's note, and that it was unpaid.

*Error to Denver District Court, Hon. William D. Wright, Judge.*

*Department.*

Mr. JOHN F. ROTRUCK, for plaintiff in error.

Mr. JOHN HIPP, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error brought suit to foreclose a mortgage made by one Holloway to secure a promissory note, who later sold and conveyed the mortgaged premises to one Beatty, and took from Beatty a promissory note secured by a

deed of trust on said premises. The note secured by this deed of trust was transferred to Jonathan A. Nesbitt. He having died, Frank B. Nesbitt, the plaintiff in error, became administrator of the Nesbitt estate.

Holloway, Beatty and Nesbitt as administrator, were all made defendants, though the only relief prayed for as against Nesbitt and Beatty was that they be foreclosed of all rights, etc., in the premises.

Plaintiff in error, by his answer claimed that the lien of the deed of trust was prior to that sought to be enforced by the plaintiff in the case. The court found against him on that point, and a decree of foreclosure in the usual form was entered.

The only question discussed in the briefs is as to the competency of the plaintiff to testify on his own motion, as he was permitted to do, over the objection of defendant Nesbitt.

It is urged that, under section 7267, R. S. 1908, he was incompetent to testify because Nesbitt was defending as administrator.

Counsel cite several decisions of this court, in some of which general statements are made from which counsel conclude that in no case can a plaintiff testify on his own motion, where one is defending as an heir, devisee, executor or administrator. Those cases, however, must not be accepted as stating the law except as applied to the facts of the cases.

The question here presented has never been before us for determination, though the principle here involved was touched upon in Cree v. Becker, 49 Colo. 268, 112 Pac. 783. There an action was brought against two sureties on a bond, one of whom died before the trial. The administrator of his estate was substituted, and the other defendant was, during the trial, dismissed out of the case. The trial court sustained an objection to the competency of the plaintiff as a witness, and this we held no error. But in the court's opinion, by Mr. Justice Bailey, it was said that if the other surety were in the case as a defendant, it might well be

that the plaintiff would be a competent witness, at least against him, and possibly for all purposes. In *Lowry v. Tivy,* 69 N. J. L. 94, 54 Atl. 521, where the question was raised under a statute similar to ours, it was held that in an action on a note against one of the makers and the administrator of the other maker, the plaintiff was entitled to testify against the surviving maker as to transactions with the deceased. To the same effect see *Bush v. Prescott & N. W. Ry. Co.,* 83 Ark. 210; 103 S. W. 176; *Shain v. Forbes,* 82 Cal. 577, 23 Pac. 198; and *Turpie v. Lowe,* 158 Ind. 314, 62 N. E. 484, 92 Am. St. 310.

This case clearly does not fall within the reason of the statute.

Speaking of a similar statute the Supreme Court of Missouri, in *Williams v. Edwards,* 94 Mo. 447, 7 S. W. 420, said the purpose was "to guard against false testimony by the survivor; and in order to do this the statute establishes a rule of mutuality by which when the lips of one contracting party are closed by death, the lips of the other are closed by the law."

The plaintiff in this case merely testified to the execution and delivery of the note by Holloway, and that it had not been paid. Holloway was alive and could have testified against plaintiff, but it is not to be presumed that Jonathan Nesbitt, if alive, would have knowledge on that point, and there is no possible reason why the law should apply here. No relief was sought against the estate, and the fact that the administrator was a necessary party in order to effect a complete foreclosure should not prevent the plaintiff from making his case against the maker of the note and enforcing his lien.

The judgment is affirmed.

Chief Justice White and Mr. Justice Hill concur.