## No. 9137.

### GABRIN v. BRISTER.

WITNESS—*Competency—Executrix Party.* One who, being sued both in her individual capacity and as executrix, defends solely in her individual right, cannot exclude the testimony of plaintiff (Rev. Stat. sec. 7267).

*Error to Denver District Court, Hon. Chas. Cavender, Judge.*

*Department.*

Messrs. HINDRY, FRIEDMAN & BREWSTER, for plaintiff in error.

Mr. JAMES C. STARKWEATHER, Messrs. DAYTON & DENIOUS, for defendant in error.

Opinion by Mr. Justice Teller.

The plaintiff in error was plaintiff below in a suit against defendant in error to have the latter adjudged a trustee of the title to a certain lot in the City of Denver, of which plaintiff claimed the equitable ownership.

The complaint alleged that the plaintiff had for several years taken care of a Mrs. Marlow,—an aunt of defendant, —under the promise by said Marlow that she would give to plaintiff the said lot as compensation for such care; the extent of the services rendered was set out at some length, and it was further alleged that said Marlow executed a will, in performance of said agreement, whereby she devised to plaintiff the said lot; that a few days before the death of said Marlow the defendant came to Denver, and induced said Marlow to convey to her, by deed, the lot in controversy,—defendant at the time having full knowledge of said contract, and that said will had been made in compliance therewith,—and that said Marlow thereafter made a new will giving all the residue of her property to defendant. The prayer of the complaint was that the defendant be decreed to hold said lot as trustee for the plaintiff, and that she be directed to convey the same to plaintiff.

Defendant demurred to the complaint on the ground that the personal representative of the deceased Marlow was a necessary party to the suit.

The demurrer was sustained, and the complaint was amended, under protest, and the defendant, as executrix of the will of Marlow, deceased, was made a party defendant.

The answer of defendant, individually and as executrix, denied the making of the alleged contract, and alleged that defendant claimed title in fee simple to said property under the deed from said Marlow to her.

A demurrer to the answer, on the ground, among others, that there was nothing in it to show an interest in the property, or any title or right in the executrix, was overruled.

On the trial, the judge—sitting as a successor to the judge who had settled the pleadings—noted the fact that the answer "shows, in one sense, that Mrs. Brister, as executrix, claimed no interest, that is, that she claimed through a deed, * * * and that she claimed solely through that deed." Nevertheless, he said, he felt bound by the rulings made on the pleadings, and hence sustained an objection to any testimony by the plaintiff concerning the alleged contract with the deceased; the objection being based upon the fact that Mrs. Brister was defending as executrix, the plaintiff, in such case, being barred by the statute from testifying.

The plaintiff's counsel then made an offer to show by her the making of such contract, and the offer was refused.

These rulings are the principal grounds urged for the reversal of the judgment, though error is assigned also on the order requiring the executrix to be made a defendant.

As to the latter question, defendant in error relies on a waiver resulting from the filing of an amended answer in compliance with the order to make the executrix a party.

In our view of the case it is not necessary to determine that question; though it would seem that, when the defendant answered that she claimed a title in fee simple, under the deed, she could not claim by a technical waiver, if there were one, something as a fact which she had shown by her answer not to exist.

Even if the executrix were a necessary party, the plaintiff was a competent witness as against Mrs. Brister in her individual capacity as defendant, under our holding in *Nesbitt v. Swallow*, 164 Pacific 1163.

When Mrs. Brister had made it clear, both by her answer, and by her testimony, as she did, that she claimed only under the deed, she had no right to exclude the testimony of

plaintiff as incompetent under the statute. It could not be excluded unless it "unquestïonably appears that the party invoking its protection is suing or defending in his representative capacity." *Prewitt v. Lambert,* 19 Colo. 7, 34 Pac. 683. Defendant was allowed the protection of the statute in her individual capacity, which the law does not authorize.

The sustaining of the objection was error, for which the judgment is reversed.

Judgment reversed.

Chief Justice Hill and Mr. Justice White concur.