No. 10,006.

WATSON, ET AL. *v.* WOODLEY, ET AL.

Decided May 1, 1922.  Rehearing denied June 5, 1922.

Action for specific performance.  Nonsuit and judgment for defendants.

*On Petition for Rehearing.*

*Affirmed.*

1.  APPEAL AND ERROR—*Nonsuit.*  Evidence reviewed and the action of the court in granting a nonsuit, upheld.

2.  PRINCIPAL AND AGENT—*Ratification.*  If a principal with full knowledge of all the material facts, takes and retains the benefits of an unauthorized act of an agent, he thereby ratifies such act; but the evidence must be sufficient to establish the facts necessary to show ratification.

3.  BILLS AND NOTES—*Check—Indorsement.*  The indorsement of a check alone is no evidence that the indorser received any benefit from it.

4.  WITNESSES—*Against Heirs or Representatives—Competency.*  In an action where one is defending as an heir or legal representative, a witness who is incompetent against the heir or representative, under the statute, may be competent to testify against other defendants in the action, who are not representatives or heirs.

5.  APPEAL AND ERROR—*Harmless Error.*  The erroneous exclusion of testimony is harmless error, where the evidence which would have been given by the witness, was of facts admitted by the pleadings.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. MURRAY & INGERSOLL, Mr. JOHN L. SCHWEIGERT, Mr. HARRY C. RIDDLE, for plaintiffs in error.

Mr. JACOB S. SCHEY, Messrs. ROTHGERBER & APPEL, Mr. L. F. TWITCHELL, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in which the principal relief sought is the specific performance of an alleged contract to sell and convey land. On motion of defendants, a nonsuit was granted against plaintiffs, and judgment was thereafter rendered for defendants. The plaintiffs bring the cause here for review.

Error is assigned to the granting of the nonsuit. The ultimate question of fact involved, so far as the motion is concerned, is whether the defendant F. P. Woodley, who is sued as the vendor under the alleged contract, ratified the contract upon which this suit is predicated.

The contract in question purports to be one between vendor and vendees of land. The plaintiffs are the vendees, and sue as such. On the part of the vendor, the contract was signed in the name of the defendant F. P. Woodley by one J. T. Sanderson who assumed to act as Woodley's agent. Sanderson was not authorized to do so; hence arises the question of Woodley's subsequent ratification of the contract.

The contract provided for an initial payment of $5,360 to Woodley, as vendor, by plaintiffs, as purchasers. The plaintiffs executed their certified check for that amount, making the same payable to F. P. Woodley, and delivered it to Sanderson. Sanderson was not a witness. There is no testimony by him as to what he or Woodley did with reference to the check. The check returned to the plaintiff's bank, having been paid in the usual course. It bore Woodley's endorsement, as follows: "Pay to the order of J. T. Sanderson.

F. P. Woodley."

On the face of the check was the memorandum: "Cash payment for 640 acres of land."

The foregoing facts are substantially all that was shown as evidence of Woodley's alleged ratification. It is true that if a principal with full knowledge of all the material facts takes and retains the benefits of the unauthorized act of an agent he thereby ratifies such act (2 C. J. 493), but plaintiffs' evidence is insufficient to make out a case within this rule. We concur in the statement of the trial judge, appearing in the record as follows:

"There is no testimony here showing that Mr. Woodley knew of the existence of that contract, or its terms. It is a matter of mere conjecture to say that when he endorsed the check he received the money, or that he adopted or ratified the contract."

As a further observation, we may add that there is no evidence from which it may be determined whether Woodley endorsed the check, in the usual course of accepting it, or endorsed it merely that it, being a certified check, might be returned to and cashed by plaintiffs. There is no evidence that he received any benefit on account of the check. The trial court, sitting without a jury, was warranted in regarding plaintiffs' proof as failing to show Woodley's ratification of the contract. There was no error in granting the motion for a nonsuit.

Error is assigned to the court's sustaining an objection to allowing the plaintiff Dudley D. Watson to testify as a witness. The objection was sustained on the theory that the witness was incompetent for any purpose because an adverse party was defending as heir or legal representative of the defendant F. P. Woodley who died prior to the trial of this cause. This was error. The plaintiff would be a competent witness against other defendants who are not legal representatives or heirs and who were present at the trial in person and by counsel. The witness was not incompetent for all purposes. *Nesbitt v. Swallow*, 63 Colo. 194, 164 Pac. 1163, followed in *Gabrin v. Brister*, 65 Colo. 407, 177 Pac. 134.

The record shows, however, that this error was harmless, for the reason that most, if not all, of the evidence

which would have been given by the witness was of facts admitted by the pleadings. Furthermore, the other defendants were interested as Woodley's subsequent purchasers, and proof of any facts affecting them would be immaterial unless plaintiffs establish a cause of action against Woodley, and this they have not done.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.

MR. JUSTICE BURKE agrees with the conclusion.