No. 10,635.

STEWARD v. BURT, ADMINISTRATRIX.

Decided June 4, 1923.

Action in conversion. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.* The contention, in the case under consideration, that the verdict was not supported by the pleadings, evidence or instructions, considered and overruled.

2. WITNESSES—*Administratrix.* The rule, that no party to a civil

action shall be allowed to testify therein in his own behalf when any adverse party sues or defends as an administrator, is not applicable unless it unquestionably appears that the party invoking its protection is suing or defending in a representative capacity.

*Error to the District Court of La Plata County, Hon. William N. Searcy, Judge.*

Mr. BENJAMIN B. RUSSELL, for plaintiff in error.

Mr. L. M. PERKINS, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error brought suit against the plaintiff in error and recovered judgment for five hundred dollars. The plaintiff in error brings the case here for review and applies for a supersedeas. The parties will be designated here as in the court below.

The plaintiff claims that she is the widow and sole heir of Charles A. Burt, deceased, and sued as administratrix of the estate. Burt died January 7, 1922, and the plaintiff claims that about September 10, 1921, and up to the time of his death, he was the owner of four horses valued at $300, a spring wagon camp outfit and saddle valued at $200; a watch and chain and 2 rings valued at $150, and about $1012.31 in money, then on deposit in banks; that defendant converted all of said property to her own use; that the deceased was so ill that he was not capable or competent to conduct his business affairs; that defendant exercised a wicked and malign influence over deceased for the purpose of inducing him to give and transfer to her all of his property; that he was so ill in mind and body that he was not capable of exercising his own free will and turned over to defendant under her coercion and undue influence the money and property above mentioned.

The defendant admits that she came into possession of all of the personal property mentioned, but denied that she wrongfully converted the same to her own use, and denied

that the personal property was of the value claimed by the plaintiff. Defendant claims that the personal property, aside from the money, was transferred to her by bill of sale and checks were given her by the deceased for the money in the banks, and further claims that the deceased delivered the checks, and the other personal property, to defendant with the intent and for the purpose that the title thereto should vest in the defendant, in case of the death of said Burt, and that the same constituted, and was intended to be, a gift *causa mortis* to the defendant of all the money, checks and other personal property; that is, she was to have what was left after payment of all expenses.

Defendant has assigned numerous errors, but they may be summed up as follows: 1. That there was no sufficient evidence to support any verdict for plaintiff and especially no evidence to support the verdict for $500 that was returned by the jury, and, further, that the verdict was not supported either by the pleadings, the evidence, or the instructions. 2. That the plaintiff was an incompetent witness to testify in her own behalf by reason of the fact that she sued as administratrix of the estate and that the court erred in permitting her to testify.

The defendant cites a number of decisions of this court to support her first contention, among others, *Hassell Iron Works Co. v. Cohen,* 36 Colo. 353, 85 Pac. 89, wherein the court said:

"There being no evidence upon which the verdict can be sustained, the judgment based upon the verdict must be reversed."

The other cases cited are in harmony with the Hassell case. An examination of the record here discloses that the instant case does not fall within the rule laid down in the cases cited by defendant. It is apparent, from a reading of those cases, there was no evidence to support the particular verdict which was rendered, and there was no explanation, and could be none, for the verdict rendered.

In the instant case there was evidence to sustain the verdict.

The trial court, which appears to have given the case very careful consideration, said in overruling the motion for new trial:

"Under the evidence in this case the defendant was able to show a gift to her, causa mortis, of most of the personal property, outside of the money, in writing, signed by the deceased Burt. This gift was expressed as being 'She is to have same for care in case of death.' Under the evidence, the jury could very well find that the transaction concerning the personal property and the transactions concerning the checks given, were separate and independent transactions, made under somewhat different circumstances, and perhaps with a different degree of proof."

The evidence shows that the defendant paid out between $400 and $500 in cash, a portion of it for bills incurred before Burt's decease, but the greater portion she paid out after his decease. She presented bills incurred. for board and other items, amounting in the aggregate to more than $600, if all were allowed and credited, but the jury had a right to disallow some of these items. The opinion of the trial court was that the jury could well find from the evidence a liability against the defendant for $500 and in this view we concur. We think there was ample evidence to sustain the verdict.

The plaintiff was a competent witness in her own behalf and the court did not err in permitting her to testify. *Prewitt v. Lambert,* 19 Colo. 7, 34 Pac. 684; *Nesbitt v. Swallow,* 63 Colo. 194, 164 Pac. 1163; *Gabrin v. Brister,* 65 Colo. 407, 177 Pac. 134.

In *Prewitt v. Lambert, supra,* the court said: "* * * The rule does not properly apply, unless it unquestionably appears that the party invoking its protection is suing or defending in his representative capacity. *. * *"

The doctrine announced in the Lambert case is sustained and followed by the other cases above cited. In the

instant case the rule was invoked by the defendant who was not defending in a representative capacity.

There being no error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.