## No. 12,004.

HAFFNER *v.* VAN BLARCOM, ET AL.

Decided November 26, 1928.

Mr. BENJAMIN GRIFFITH, for plaintiff in error.

Mr. JOHN M. BOYLE, Messrs. TWITCHELL, CLARK, BURK-HARDT & KING, for defendants in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the court.

*Statement of case.*

PLAINTIFF in error Haffner brought this action against Van Blarcom and Marsh as trustees under the last will of Mary L. Haffner, deceased, and Henry Gianella. The allegations of the complaint may be summarized as follows: That on February 17, 1917, plaintiff and defendant Gianella made a written contract, by the terms of which it was agreed that the plaintiff should contribute his services, and Gianella should make the necessary advances, to acquire certain mining property in Park county, Colorado, upon a basis of equal interest, and of equal division of profits; that plaintiff had performed said contract on his part; and that on the 25th day of August, 1917, plaintiff became the owner of the said mining property, and on October 24, 1917, he made a deed for a one-half interest therein, to the defendant Gianella; that the plaintiff in acquiring the ownership and control of the said property, made advances in various sums, upon which Gianella had made certain payments to plaintiff, with a balance due to plaintiff on account thereof, of $1,541.70; that the plaintiff is the owner of an undivided one-half interest in such property; that when the plaintiff acquired the property there were certain tax sale certificates outstanding against it, and that the plaintiff, in order to fortify the title which he so acquired, purchased the certificates with his own money, but caused the assignments thereof to be made to one Marian Patton Scott, afterwards plaintiff's wife, but merely as the agent

and representative of the plaintiff, and for the benefit and use of the plaintiff, and for no other purpose whatever; that the said Marian Patton Scott died March 4, 1922, being at the time of her death the wife of the plaintiff; that she left a last will and testament, by which she gave her property *in trust* to the defendants Van Blarcom and Marsh; that all of the defendants were conspiring together to cheat and defraud the plaintiff out of his interest in the property, by claiming that such interest was extinguished by the tax deeds and plaintiff had no interest in the said property, and that, in order to defeat plaintiff's rights, the defendants were intending to have the property conveyed by the trustees, to innocent purchasers for value.

The prayer of the complaint was for an accounting as between the plaintiff and Gianella, and that any sums found to be due to plaintiff from Gianella be declared a lien in favor of the plaintiff against the interest of Gianella in said property, and that the lien be foreclosed; that it be decreed that the plaintiff is the owner of an undivided one-half interest, and that it be decreed that the defendant trustees hold the property under said tax deeds for the benefit and use of the plaintiff, and that they be required to make a conveyance thereof to the plaintiff; and that the defendants be restrained from making any conveyances that would affect the title of the plaintiff in and to an undivided one-half interest in the property.

To this complaint the defendant trustees filed their joint answer, in which they admitted the recording of the deed from plaintiff to Gianella, for an undivided one-half interest in the property, admitted that plaintiff was in possession of the property on August 25, 1917; and put in issue all the other material allegations of the complaint.

Affirmative defenses were also interposed by the defendant trustees. In one of such defenses it was averred that on December 27, 1917, Marian L. P. Haffner gave a power of attorney to the plaintiff, in pursuance of which

plaintiff acquired whatever title he obtained to the property described in the complaint, and that the plaintiff became a trustee ''of any title which he individually obtained'' in pursuance of such power of attorney, and that any title now outstanding in the plaintiff is held in trust for the defendant trustees. The answer contained no general allegation of title in the defendant trustees, and the prayer was that their title be quieted as against the claims of the plaintiff, and that the plaintiff be decreed to hold any title he might have, in trust for the defendant trustees.

Gianella also filed his separate answer, by which he admitted that the plaintiff, on August 25, 1917, held such title to the claims as was conveyed under the deed from plaintiff's grantor; admitted the execution of the contract, and the performance of certain services by the plaintiff in connection therewith; admitted the delivery of the deed from plaintiff to defendant Gianella; but denied for lack of knowledge or information, the allegations of the complaint respecting the trust character of the tax titles taken by plaintiff's wife. Gianella also averred that he had made certain advances to the plaintiff, for which the plaintiff had not accounted, and he also prayed an accounting by the plaintiff.

To these answers the plaintiff filed appropriate replications.

The cause came on for trial before the court. Plaintiff offered himself as a witness in his own behalf, whereupon the defendants jointly made an objection to his competency to testify, under the provisions of section 6556, C. L. 1921. The learned trial judge, while holding that the plaintiff might testify on the issues as between him and Gianella, ruled that he could not testify on the issues as between plaintiff and defendant trustees. This ruling he amplified as follows: ''So far as any lien claimed by Mr. Haffner, as against any right, title or interest of any kind in this property, as involved in the issues in this case and shown by the pleadings, on that my ruling is intended

to go.  *  *  *  If the entire issue goes to the title to this property, or a lien against this property, then my ruling would go to any testimony along that line.''

Plaintiff then offered to prove by himself as witness, all the allegations of his complaint, as to all matters prior to the time he met the decedent, Mrs. Haffner, on or about December 3, 1917; also that he had duly performed all the terms and conditions of the contract between himself and Gianella; also the allegations of that paragraph of his complaint relating to the balance due from Gianella to the plaintiff; and finally, all the allegations of his complaint, not including, however, any conversations to or with the decedent.  To each of these offers, defendants jointly objected, solely upon the ground of the incompetency of the witness, under the statute cited.  These objections were sustained.  In the course of the offers, plaintiff's counsel was asked by the court to state the purpose of the offers, and he said, among other things, that the purpose was to establish a lien against the property.  Upon the sustaining of all objections to his offers, plaintiff stated that he had no other testimony to offer, and thereupon, upon joint motion of the defendants, judgment was rendered dismissing the complaint as to all the defendants.  To reverse that judgment the plaintiff brings error.

*Opinion by Walker, J.*

The question presented relates to the competency of the plaintiff, under section 6556, C. L. 1921, to give the testimony offered by him.  With certain exceptions not here pertinent, that section makes a party to any civil action incompetent to testify therein, of his own motion or in his own behalf, ''when any adverse party sues or defends as  *  *  *  the executor or administrator, heir, legatee or devisee, of any deceased person, or as guardian or trustee of any such heir, legatee or devisee.''  This court, however, has held that the protection of the statute extends only to adverse parties within the designated

class, and not to their co-parties not within such class. *Nesbitt v. Swallow,* 63 Colo. 194, 164 Pac. 1163; *Gabrin v. Brister,* 65 Colo. 407, 177 Pac. 134; *Watson v. Woodley,* 71 Colo. 391, 207 Pac. 335. See also, *Steward v. Burt,* 73 Colo. 468, 216 Pac. 258; *Sauer v. Bank,* 75 Colo. 119, 224 Pac. 227.

The testimony offered by the plaintiff in this case was clearly competent upon the issues drawn between him and the defendant Gianella. Defendants in error, however, say that the plaintiff in his counsel's colloquy with the court, during the discussions on the offers of testimony, waived his right to recover a money judgment upon the accounting with Gianella, and so limited the purpose of the proffered testimony to the establishment of the lien claimed by plaintiff, and that since such lien could not be established without setting aside the title of the trustees, the testimony was wholly inadmissible in the cause. But we cannot agree that the plaintiff's claim to a lien to secure the balance, if any, due him on the accounting, must have failed unless he succeeded in this action in divesting the trustees of the title claimed by them. The lien so asserted was upon the interest of the defendant Gianella in the property. Such interest may have been superior or inferior to the tax titles held by defendant trustees. It was admitted by Gianella that he had received from plaintiff a one-half interest in such title as had been conveyed to plaintiff by the deed of plaintiff's grantor. No issue was drawn in this action between Gianella and the trustees of the estate of Mrs. Haffner, respecting Gianella's one-half interest in the property. The trustees limited their attack to the interest of the plaintiff individually, and to the interest, if any, which he acquired after the conveyance to Gianella. In this state of the pleadings, plaintiff was entitled to testify upon the state of accounts, and other matters within his cause of action against Gianella, even though he sought no relief except a lien upon Gianella's interest in the property. A decree granting such a lien would

not have divested the estate of Mrs. Haffner of such right as was vested in it, either under the tax deeds or as beneficiary of the title held by the plaintiff to the one-half interest. It was error under such circumstances to give Gianella the protection of the statute.

It is urged that the offers of testimony made by the plaintiff were not sufficiently specific. No such objection was made in the trial court, and we can not consider it here.

The judgment is reversed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WHITFORD concur.

*On Rehearing.*

MR. JUSTICE WALKER.

Upon consideration of the petition for rehearing and modification of the opinion, we think it is obvious that the original opinion should be, and it is hereby, modified so that the order shall read:

The judgment of dismissal as between the plaintiff in error and defendant in error Henry Gianella, is reversed, and the cause remanded for new trial of the issues between said parties, and as to the other defendants in error the judgment is affirmed.