No. 12,785.

GIANELLA *v.* HAFFNER.
(26 P. [2d] 817)

Decided November 6, 1933.

Mr. JOHN M. BOYLE, Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiff in error.

450

Messrs. LEE, DOUD, GRIFFITH & PARRIOTT, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Gianella, defendant in error as Haffner, his deceased wife as Mrs. Haffner, trustees under her will as the trustees, and the property involved as A. Since the trial below Gianella has died and his executor has been substituted here. For convenience, however, we use the name of the original party.

Haffner sued Gianella for an accounting. A demurrer to the complaint was overruled. A jury was waived and the cause was tried to the court, which found for Haffner in the sum of approximately $1,000 and entered judgment accordingly. To review that judgment Gianella prosecutes this writ.

The eleven assignments present but three alleged errors: (1) The overruling of the demurrer; (2) the admission of certain testimony; (3) the insufficiency of the evidence to support the judgment. Haffner assigns, as cross-error, the failure of the court to award him an additional $530 to which, he contends, the evidence shows him entitled.

In 1917, Haffner, who lived in Pennsylvania, contracted with Gianella, who lived in New Jersey, that he would procure the ownership or control of A, which was Colorado mining property, and Gianella agreed to furnish the necessary cash. Both money and services were to be contributed "on a basis of equal interest," and all profits "after all outside obligations shall have been liquidated" to be divided "share and share alike." In procuring title Haffner claims he took two tax deeds which, for convenience, he had executed to his wife. When she died these titles passed to the trustees. Claiming that

he had made advances which Gianella should repay, and that the trustees held in trust for him as to one-half of the tax titles, Haffner joined all of them as defendants in this action as originally brought, and charged a conspiracy between Gianella and the trustees to defraud him. Gianella denied indebtedness and the trustees denied Haffner's interest under the tax deeds. On the trial Haffner offered to testify in support of his complaint. His offer was rejected as incompetent under section 6556, C. L. 1921, because the trustees were defending in a representative capacity. Haffner then announced that he had no other evidence, whereupon judgment of dismissal was entered against him and he came here on error. We sustained the judgment as to the trustees, but reversed it as to Gianella. *Haffner v. Van Blarcom*, 84 Colo. 565, 272 Pac. 621. The case as against Gianella was then retried with the result hereinbefore mentioned.

1 and 2. These assignments are not argued and since we find no merit in them they are not further considered.

3. The contention in support of this assignment may be thus stated: The preponderance of the evidence is against the judgment and since much of it is by deposition this court can and should consider its weight. This complaint was filed September 12, 1925. Seven months later Haffner filed a bill of particulars in which he asserted that the account had been presented to and approved by Gianella in February, 1921, and that thereafter certain of his records and papers had been stolen from him (by Mrs. Haffner) so that he was unable to particularize as to dates. Gianella attached to his answer a bill of particulars, the items of which range from 1913 to 1921. Haffner testified in person. The other evidence consisted of the depositions of Gianella and another witness and various writings and documents. Most of the material facts depend upon the accuracy (of the memory perhaps) of the testimony of Gianella and Haffner and neither is consistent with itself. At the time of the trial Haffner was 79 years old and Gianella 83. In

any view of the case the evidence is unsatisfactory; so much so that it is probable that had all of it been oral we could not, under the general rule, have interfered with a judgment either way. We think, however, there is sufficient to support the findings.

Where substantially all the material evidence is in writing an appellate court is as well qualified to pass upon its weight as the trial court, and will do so. *Rittmaster v. Brisbane,* 19 Colo. 371, 35 Pac. 736. Where the larger part of the evidence is oral the general rule is modified only as to that portion presented by deposition or writings. *Lathrop v. Tracy,* 24 Colo. 382, 384, 51 Pac. 486. Where proof of a particular fact depends upon depositions the reviewing court will not be bound with respect thereto by the general rule, but will review that evidence. When the evidence concerning a particular issue is partly oral and partly by deposition the general rule is abrogated only pro tanto. *Morrison v. McCluer,* 27 Colo. App. 264, 148 Pac. 380. No serious difficulty arises save as to cases falling within the class last mentioned. As to those it would seem, since all presumptions favor the judgment, that all doubts should be resolved in favor of the conclusion of the trial court. We think this case falls within that class, we have serious doubts, and we so resolve them. This applies with equal force to Haffner's cross-error and leads to the same result with respect thereto.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.